## King v. Hamilton.

*(Circuit Court, D. Oregon.  June 21, 1882.)*

1. PROMISSORY NOTE.

A note for 500 pounds sterling is payable in a certain sum of "money" and therefore negotiable, and *prima facie* made upon a sufficient consideration.

2. POUND STERLING.

By section 2 of the act of March 3, 1873, (11 St. 603 ; section 3565, Rev. St.,) it is provided that "in the construction of contracts payable in sovereigns or pounds sterling" each pound shall be valued at $4.8665. *Held*, that in an action upon a note payable in pounds sterling it is not necessary to aver or prove the value of such pound in money of the United States, but that the court will give judgment for the value of the contents of the note in money of the United States, according to the ratio prescribed by the statute.

Action upon Note.

*Ellis G. Hughes,* for plaintiff.

*William H. Effinger,* for defendants.

DEADY, D. J.  This action is brought by the plaintiff, a British subject, against the defendant, a citizen of Oregon, upon a promissory note alleged to have been made by the defendant on January 29, 1879, and delivered to "Mrs." John Pollock, "for the sum of 500 pounds sterling, money of the united kingdom of Great Britain and Ireland," payable in one year after date, with interest at the rate of 5 per centum per annum ; which note was afterwards duly transferred to the plaintiff, and is still unpaid. The complaint concludes with a prayer for judgment against the defendant for said sum of £500 and interest, or "its equivalent in money of the United States." Nothing is alleged as to where the note was made or made payable.

The defendant demurs because (1) the complaint does not state facts sufficient to constitute a cause of action; and (2) it does not appear that the note was made "for value." Upon the argument of the demurrer the point made by counsel for defendant was that the note was not made for "money" but a commodity, and therefore it was neither negotiable nor presumed to have been made upon a sufficient consideration, but that the same must be alleged as in the case of an ordinary simple contract. In support of the demurrer counsel cites *Com.* v. *Haupt,* 10 Allen, 38; Edwards, Bills, 128; Byles, Bills, 92; *Robinson* v. *Hall,* 28 How. Pr. 342; Abb. Law Dict. "Money." The rule that bills and notes must be for the payment of "money" only is admitted. Story, Bills, § 43; Byles, Bills, 92; Chitty, Bills, 133; Daniell, Neg. Inst. § 50. But it is equally well established that they may be made payable in the "money" of any country—in its coins, "such as guineas, ducats, Louis-d'ors, doubloons, crowns, or dollars; or in the known currency of a country, as pounds sterling, livres, tournoises, francs, florins, etc.; for in all these cases the sum of money is fixed by the par of exchange or the known denomination of the currency with reference to the par." Story, Bills, § 43; Daniell, Neg. Inst. § 58; Edwards, Bills, 137–8; *Black* v. *Ward,* 27 Mich. 191; *Thompson* v. *Sloan,* 23 Wend. 74.

It follows that a note payable in pounds sterling or British sovereigns is payable in "money" just as much and as certainly as if it was payable in dollars. The case is different from a note made payable in "currency," which may be "money" only conventionally, but not legally. But where a note is made payable in a particular denomination of foreign money, as pounds sterling, it is payable in money the same as if it was payable in a denomination of domestic money.

As was said in the court in *Thompson* v. *Sloan, supra,* a bill or note payable in money of a foreign denomination is negotiable, "for it can be paid in our own coin of equivalent value, to which it is always reduced by recovery. A note payable in pounds sterling and pence, made in any country, is but another mode of expressing the amount in dollars and cents, and is so understood judicially." It is also said in the books that the plaintiff in such case should allege and prove the value of the sum expressed in foreign money in the money of the United States, which has not been done here. But I apprehend that this is now unnecessary.

By section 2 of the act of March 3, 1873, (17 St. 603; section

3565, Rev. St.,) it is provided that "in all payments by or to the treasury the sovereign or pound sterling" shall "be deemed equal to $4.8665;" and this rule is further declared applicable to the appraisement of imported merchandise when the value of the invoice is expressed in pounds sterling, "*and in the construction of contracts payable in sovereigns or pounds sterling;*" and this valuation is declared to be the par of exchange between Great Britain and the United States. The provision concerning contracts payable in sovereigns or pounds sterling is new in the legislation of the United States.

In the *Collector* v. *Richards*, 23 Wall. 246, this act came before the supreme court, and the opinion of Mr. Justice Bradley is instructive upon the subject under consideration. It seems to have been taken for granted that the pound sterling is money, and known as such to the court independently of the act of congress; and money, too, that can, in a judicial proceeding, be converted into money of the United States upon proof of the par of exchange. He says:

"Although the sovereign or pound sterling, as a coin, has only existed since the year 1817, the amount of pure gold contained in the pound sterling (estimating the guinea at 21 shillings) has been 113.001 grains ever since the year 1717; and as the United States dollar contains 23.22 grains of pure metal, it only requires a process of simple division to show that the value of the sovereign is precisely what the second section of the act determines it to be. This intrinsic value of the pound sterling, as represented by the gold coins of England, was a matter of such public notoriety as to need no extraneous inquiry on the subject. It was the public law of the British empire during the period of our own colonial history, of which all our courts were required to take judicial notice; and its continuance to the present time is a public fact as well established as any other act of the British government."

The contract sued on here is a contract for the payment of "money," and not a "commodity." It is also a contract for the payment of pounds sterling, and therefore within the purview of the act of 1873, *supra,* which establishes the value of this foreign coin in money of the United States. It is not required to aver or prove what the law establishes, and therefore, in giving judgment for the plaintiff in this action, it is only necessary to convert the 500 pounds into dollars at the rate of 4.866½ of the latter to one of the former. Beyond a doubt, then, this note was made for "money," and for a sum certain, because a note for any number of pounds sterling is only another form of expression for the equivalent in dollars, which equivalent is now prescribed by statute.

The case of the *Com.* v. *Haupt*, (10 Allen, *supra*,) in which the an-

nual report of the mint was taken as the value of the pound sterling, ($4.8448,) arose under the act of 1857 (11 St. 163) and was decided prior to the passage of the act of 1873.

The demurrer is overruled.