(116 App. Div. 772)
### STECKER v. WEAVER COAL & COKE CO.

(Supreme Court, Appellate Division, Second Department.   January 11, 1907.)

**1. SALES—BREACH OF CONTRACT—DAMAGES.**

In an action for failure to deliver coal within the contract time, the plaintiff, a retail dealer, is not entitled to recover the difference between the price paid at wholesale and the retail price at the time and place for delivery under the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 1197, 1198.]

**2. SAME.**

Where coal was sold at wholesale, the measure of damages for failure to deliver it within the contract time was the difference between the purchase price and the wholesale market price on the day it should have arrived.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 1197, 1198.]

**3. DAMAGES—BREACH OF CONTRACT—LOSS OF PROFITS—PLEADING—SPECIAL DAMAGES.**

Profit which a purchaser of coal might have made by retail sales cannot be availed of as an element of damages, unless pleaded.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 413.]

Appeal from Trial Term, Westchester County.

Action by Charles H. Stecker against the Weaver Coal & Coke Company.  From a judgment for plaintiff, defendant appeals.  Reversed, and new trial granted, on condition.

Action for damages for failure to deliver 308 long tons of coal at Mt. Vernon, Westchester county, N. Y., within the contract time.

The plaintiff purchased 308 long tons of anthracite coal of-the defendant on January 13th, 1903, at $11.15 a long ton, to be delivered at a specified dock at Mt. Vernon within the next week.

The defendant claimed that the contract was made under a representation of the plaintiff that Eastchester creek, through which the coal would have to go to Mt. Vernon, was 9 feet deep.  The verdict of the jury negatived this.

A barge was loaded with the coal by the defendant at Port Liberty, N. J. With the load it drew 8 feet of water.  Eastchester creek was only about 7½ feet deep.  The towing time to Mt. Vernon is 6 to 8 hours.

After the barge had been loaded the defendant notified the plaintiff that it could not go through Eastchester creek for lack of sufficient depth of water, and that its contract would therefore be fulfilled according to maritime law by delivering at the nearest accessible port, and it towed the barge to City Island as such port, and left it.  The plaintiff afterwards had it towed to New Rochelle, where 81 tons were discharged to lessen the draft, and thence through Eastchester creek to Mt. Vernon, arriving on February 6th, which was more than two weeks late.

The defendant claimed that the plaintiff paid for the coal after such notice of lack of water was given, and accepted delivery at City Island.  The plaintiff claimed that he had already paid for the coal, and took charge of it only to minimize his damage, and without waiving the defendant's breach of the contract.  The jury found for the plaintiff on this issue.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Joseph A. Arnold for appellant.
Woodson R. Oglesby, for respondent.

GAYNOR, J. The learned trial judge charged the jury that if they found for the plaintiff his measure of damage was the profit at which he could have sold the coal at retail at Mt. Vernon if it had arrived in contract time, viz., $1,200, plus the difference between the purchase price and the sum he received for the coal at retail, viz., $1,400, which would make a total of $2,800, which with interest would be $3,200. These were the figures given by the learned trial judge to the jury. They were within the evidence and were not objected to. The jury followed them and rendered a verdict for $3,200.

It will be seen that the learned trial judge made a mistake of $200 in totalling. This with interest from January 21st, 1903, to the trial day has to come off. The prospective or possible profit of $1,200 with interest has also to come off, for the general rule is that such profits are not allowable as an element of damage (Saxe v. Penokee Lumber Co., 159 N. Y. 371, 54 N. E. 14) and this case is within such rule. Moreover, the coal was finally received and sold at retail, so that the plaintiff got the retail profit over the wholesale market price prevailing on the arrival of the coal. A recovery of the difference between the price he had paid and such subsequent wholesale market price would therefore make him whole, i. e., it would give him the amount of the fall in wholesale price, which he had lost by the failure to deliver in contract time, and by selling at retail he had already received his retail profit.

The rule of damage given to the jury in respect of the other item of $1,400, i. e., the difference between the purchase price and the sum realized by selling the coal at retail to the best advantage after its arrival, was erroneous, but the error is not open to the defendant's objection for it is in its favor, it lessens the damage. The true rule was the difference between the purchase price which had been paid by the plaintiff and the wholesale market price on the day the coal should have arrived. This latter was necessarily (and as the evidence shows) less than the retail price then prevailing—and the coal was all sold at retail without delay. The wholesale market was the harbor of New York, and the towing time from there to Mt. Vernon only a few hours.

It was not proven that the plaintiff had sold the coal in advance at retail for $15 a short ton, or any other price, for delivery at the time it was due under his contract of purchase of the defendant. Nor was the defendant informed that the purchase of it was being made to fulfill such advance retail sales, which was essential in order to make them the criterion of damage. Nor does the complaint plead such special damage, which was essential. Parsons v. Sutton, 66 N. Y. 92; Sprout v. Newton, 48 Hun, 209.

The judgment should be reversed unless the plaintiff consent to reduce it by the sums of $200 and $1,200 with interest from January 21st, 1903, to the trial day, and a proportionate part of the extra allowance. All concur.