# THE

# MISCELLANEOUS REPORTS

OF THE

## STATE OF NEW YORK

COMMENCING DECEMBER, 1920.

---

THEODORE REVILLON, Plaintiff, *v.* ROD A. DEMME, Defendant.

(Supreme Court, Kings Special Term, December, 1920.)

Negotiable instruments — promissory notes made payable in France — when loss from depreciation of French money is not an element of damage — rate of exchange — evidence.

Where at the time certain promissory notes given for the purchase price of shares in a French corporation and made payable in France in francs, both of the parties to the notes resided in that country, the plaintiff in an action on the notes is entitled to recover, in dollars, the amount of the notes computed at the rate of exchange existing when the action was begun.

It was defendant's duty when sued to pay the amount of the notes in dollars, and he will not be permitted to take advantage of a change in the rate of exchange in his favor by withholding payment.

In the absence of proof to the contrary it will be presumed that the law of France is similar to our own, and therefore the loss from depreciation of French money is not an element of damage, the only damages recoverable for non-payment of the notes at maturity being interest.

TRIAL by the court without a jury under stipulation of the parties.

Sparks, Fuller & Stricker, for plaintiff.

Austin, McLanahan & Merritt, for defendant.

1

Supreme Court, December, 1920.          [Vol. 114.

SCUDDER, J.   By the stipulation under ·which this case is heard defendant admits the second cause of action alleged in the complaint, and the sole issue to be determined by the court is the correct amount of the judgment.

On May 4, 1915, in Paris, France, plaintiff and defendant entered into a written agreement for the sale and purchase of certain shares of stock of a French corporation.   At the time of the making of the agreement, plaintiff delivered to defendant 500 shares at the agreed price of 225,000 francs, and for this amount defendant delivered to plaintiff five notes due August 4, 1915.

These notes were not paid at maturity, and the admitted second cause of action alleged in the complaint is upon them.   Except as to amount all of the notes read alike.   The following is the translation of one of them:

" PARIS, the fourth of May, 1915.   B. P. F. 50,000.

" On August fourth, nineteen fifteen, I shall pay against this note to Mr. Theodore Revillon, living in Paris, Theirs Street No. 4, the sum of fifty thousand francs in settlement of account.

" Note for fifty thousand francs.

" Rod A. Demme

" Paris, 11 Avenue de l'Opera."   [Tax Stamp]

By the stipulation the question submitted to the court is the law of this state requires the amount of the judgment in dollars to be computed (1) at the par rate of exchange, or (2) at the rate of exchange at the maturity of the notes, namely, August 4, 1915, or (3) at the rate of exchange at the date of the commencement of the action, namely, May 21, 1920, or (4) at the rate of exchange at the date of trial

and entry of the judgment, which by the stipulation shall be taken to be as November 16, 1920.

It is further stipulated that, for the purpose of decision and determination the par rate of exchange of the franc shall be taken to be 5.18 francs per dollar, that is 19.3 cents per franc, and that the rate of exchange on the several dates mentioned shall be taken to be as follows: "On August 4, 1915, 5.55 francs per dollar, that is 18 cents per franc; on May 21, 1920, 13.84 francs per dollar, that is 7.22 cents per franc, and on November 18, 1920, 17.10 francs per dollar, that is 5.84 cents per franc.

This case is not complicated by the fact that the parties at the time when the contract and notes were made were residents of different countries, and there is no room for controversy as to where the contract was made or where it was to be performed and the money paid.

Both parties to the contract resided in France, and the notes were given for the purchase price of the shares of a French corporation, and were made payable in France in the current money of that country. The facts of the case furnish no occasion for discussion of conflict of laws, or the laws governing bills of exchange, or the laws or customs of merchants. The case presented is that of a common debt contracted and payable in France.

It seems to me that the rule as to the measure of damages which should be applied in such case is, pay the creditor the exact sum which he ought to have received in France.

The application of this rule to the present case requires the court to render judgment for such sum of dollars as will be equivalent to the amount of principal and interest of the notes in francs computed either at the rate of exchange at the time of the com-

**4** REVILLON *v.* DEMME.

mencement of the action or the rate at the time of judgment, and not at the par rate of exchange.

To compute the sum due at the par rate of exchange would be in effect to require defendant to pay in gold, although the notes were not made payable in gold. Plaintiff's loss in the transaction by reason of the depreciation in French money did not arise or result from defendant's breach of his contract in not paying the notes when they became due.

The general rule is that the *lex loci contractus,* and not the *lex fori,* governs questions as to the elements and amount of damages recoverable for a breach of contract. 12 C. J. 486. In this case, however, it is to be presumed, in absence of evidence to the contrary, that the law of France is similar to our own, and therefore under the French law the loss from the depreciation of the money of that country is not an element of the recoverable damages, and that the only damages that may be recovered for nonpayment of money is interest.

Plaintiff cites in support of his contention that the amount of the judgment in dollars should be computed at the par rate of exchange, the case of *Martin* v. *Franklin,* 4 Johns. 124, and cases in which that case has been followed in the lower courts of this state (*Scofield* v. *Day,* 20 Johns. 102; *Guiteman* v. *Davis,* 45 Barb. 576; *Swanson* v. *Cooke,* Id. 574; *Ladd* v. *Arkell,* 50 N. Y. Super. Ct. 150, 155; *Rice* v. *Ontario S. B. Co.,* 56 Barb. 387), and in the Massachusetts courts (*Adams* v. *Cordis,* 8 Pick. 260; *Alcock* v. *Hopkins,* 6 Cush. 484; *Lodge* v. *Spooner,* 8 Gray, 166; *Commonwealth* v. *Haupt,* 10 Allen, 38; *Burgess* v. *Alliance Ins. Co.,* Id. 221). The ruling of the court in *Martin* v. *Franklin, supra,* is sharply criticized by Judge Story in *Grant* v. *Healy,* 10 Fed. Cas. 978, and it does not seem to have received the approval of the Court of

Appeals of this state in *Oliver Lee & Co.'s Bank* v. *Walbridge,* 19 N. Y. 136.

Neither the case of *Martin* v. *Franklin,* nor the other cases to which plaintiff refers, present a case like the one now before the court, where the place of residence of the parties, the place of making the contract and its performance are all in one country. These cases differ so materially from the case under consideration that an extended consideration of them seems unnecessary.

As between the rate of exchange at the commencement of the action and the rate of exchange at the time of judgment, it seems to me that the rate at the commencement of the action is the proper rate to be employed in computing the amount of the judgment.

The notes became payable in dollars upon plaintiff's demanding of defendant their payment in this state. The commencement of the action was equivalent to such a demand. The amount due in dollars depended upon the rate of exchange existing at the time of the demand or, in this case, the commencement of the action. Under the law of this state it was the defendant's duty forthwith upon demand to pay the amount in dollars, and he should not be permitted to take advantage of a change in the rate of exchange in his favor by withholding payment.

Plaintiff is entitled to interest at six per cent from August 4, 1915, the date when the notes became due, to November 16, 1920, the stipulated date on which judgment is to be regarded as entered, and to have the aggregate sum of principal and interest in francs converted into dollars at the rate of exchange on May 21, 1920, the date of the commencement of the action, namely 13.84 francs per dollar.

Judgment for plaintiff for $21,409.14.

Judgment for plaintiff.