**NEW YORK & PORTO RICO S. S. CO. v. UNITED STATES.**

District Court S. D. New York. December 5, 1927.

Burlingham, Veeder, Masten & Fearey, of New York City (Charles Burlingham and William J. Dean, both of New York City, of counsel), for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (Walter Schaffner, Sp. Asst. U. S. Atty., of New York City, of counsel), for the United States.

THACHER, District Judge. The case turns upon the construction of the tenth article of the requisition charter, which provides:

"In addition to the aforesaid compensation for use of the steamship, the United States agrees to reimburse the owner for any proper increases in wages and bonuses over the standard prevailing August 1, 1917, for master, officers, and crew, the owner to produce satisfactory evidence of such increases in wages or bonuses."

In behalf of the United States it is contended that "the standard prevailing August 1, 1917," refers to the standard of wages prevailing August 1, 1917, on ships engaged in the North Atlantic trade between American and European ports, which was not the service in which this ship was engaged when req-

uisitioned, or after requisition while in the service of the United States.

The language of the tenth clause expresses no intention to arbitrarily apply to ships not engaged in the North Atlantic trade at the time of requisition, nor employed in that trade while in the government service, the standard of wages prevailing in that trade on August 1, 1917. In the absence of language to that effect, it is not to be assumed that the agreed standard was one which had no relation to the business in which the ship had been or was about to be engaged. If the ship had been requisitioned for one trade and used in another, uncertainty might arise as to whether the agreed standard was that which prevailed in the trade from which the ship was requisitioned, or that which prevailed in the trade in which she was operated under the charter. But the Brazos was engaged in the Atlantic coastwise and West Indian trade at all times prior and subsequent to requisition, and in such a case there can be no doubt that reimbursement under the tenth clause of the requisition charter must be for all proper increases in wages and bonuses over the standard prevailing in that trade on August 1, 1917. The interpretation contended for in behalf of the defendant finds no support in the language of the agreement, and robs the words "reimburse" and "increases" of all meaning by the adoption of an arbitrary standard, which had no relation to the operation of the ship before or after requisition, and which could not rationally have entered into the calculations of the parties.

Pursuant to the stipulation entered into by the parties, dated September 30, 1927, and filed herein, I conclude that the scale of wages and bonuses which, in accordance with the agreement of the parties, must be adopted as the proper basis for computing reimbursement for increased wages and bonuses, is the standard wage scale prevailing generally upon ships engaged in the Atlantic coastwise and West Indian trade on August 1, 1917. With some slight possible variations, the actual scale of wages and bonuses in effect on the Brazos on August 1, 1917, conformed to the scale prevailing generally in this trade. If any differences are claimed they may be pointed out by counsel in their requests to find. If none are claimed, the amount of the recovery in this case will be the sum stipulated, $7,237.51, calculated by counsel on the basis of the actual scale paid on the steamship Brazos on August 1, 1917.

Brief and simple findings of fact may be proposed, to be incorporated in this decision, within 10 days.