**WERFEL et al. v. UNITED STATES et al.**

**Civ. 44–578.**

United States District Court
S. D. New York.

Dec. 20, 1948.

508

George J. Elkins, of New York City (C. Murray Gold, of New York City, of counsel), for plaintiff.

John F. X. McGohey, U. S. Atty, of New York City (William J. Sexton, of New York City, of counsel), for defendants.

GODDARD, District Judge.

This is an action under the Tucker Act, Title 28 U.S.C.A. § 41(20) [now §§ 1346, 2401, 2402].

The plaintiff Abraham Werfel was a former member of the armed forces of this country and was classified as a priority purchaser under the rules and regulations of the War Assets Administration. On January 16, 1947 the defendant agency solicited offers from priority purchasers on various drug items at fixed prices. On January 17, 1947, this plaintiff submitted an offer to purchase "Bismuth Subcarbonate in five pound drums, 25 units at $6.75 each for a total of $168.75." The defendant agency accepted the offer and requested shipping instructions. On February 28, 1947 the plaintiff paid the agency this amount and furnished the shipping instructions. On March 7, 1947 the agency advised the plaintiff the goods would be shipped. The plaintiff alleges that relying upon the agency fulfilling its contract he "sold the drug item purchased under this Contract" at a profit of $81.25. The defendant subsequently repudiated the contract.

The plaintiff made a demand upon the agency for the return of the purchase price plus the profit he would have made on the resale. The agency offered to return the purchase price of $168.75 but declined to recognize the claim for loss of profit and takes the same position now.

It appears that plaintiff paid the Government $1.35 a pound and had contracted for its resale as $2 a pound, although the market value · at the time was $2.60 a pound, according to the testimony of plaintiff.

■ Since this contact was made and was to be performed in New York the elements and amount of damage are to be determined by the New York Law. Stolteben v. General Goods Corporation, D.C., 79 F.Supp. 228; Restatement of the Conflict of Laws § 413, New York Annotations; cf. Revillon v. Demme, 114 Misc. 1, 185 N.Y.S. 443; 15 C.J.S., Conflict of Laws, § 22k.

Section 148 of the Personal Property Law of New York, Consol.Laws, c. 41, applies, and that section provides in part as follows:

"2. The measure of damages is the loss directly and naturally resulting in the ordinary course of events from the seller's breach of contract.

"3. Where there is an available market for the goods in question, the measure of damages, in the absence of special circumstances showing proximate damages of a greater amount, is the difference between the contract price and the market or current price of the goods at the time or times when they ought to have been delivered, or, if no time was fixed, then at the time of the refusal to deliver."

■ The New York decisions hold that anticipated profits are not allowable as damages unless within the contemplation of both parties. Howard v. Stillwell & Bierce Mfg. Co., 139 U.S. 199, 206, 11 S.Ct. 500, 35 L.Ed. 147; Fox Co. v. Wohl, 255 N.Y. 268, 274, 174 N.E. 650; Devlin v. Mayor et al., 63 N.Y. 8, 25–26; Goepel v. Kurtz Action Co., 179 App.Div. 687, 167 N.Y.S. 317; Wetter v. Kleinert, 139 App.Div. 220, 222–223, 123 N.Y.S. 755; Flaster v. Seaboard Gage Corp., Sup., 61 N.Y.S.2d 152; Hunt v. Engles Tractor Co., Inc., 238 App.Div. 758, 261 N.Y.S. 837; Stecker v. Weaver Coal & Coke Co., 116 App.Div. 772, 102 N.Y.S. 89, affirmed 192 N.Y. 556, 85 N.E. 1116.

■ To support a finding that anticipated profits were within the contemplation of the parties, it must be clearly shown that "the contract was made with reference thereto; that is, with notice or knowledge that performance was to be sublet". Goepel v. Kurtz Action Co., supra [179 App. Div. 687, 167 N.Y.S. 322].

■ The War Assets Administration was making thousands of similar contracts for the sale of surplus property and upon printed forms such as the one in the case at bar. The Government was not informed of any proposed resale and there was nothing in the transaction which indicated that it contemplated that it might be liable for loss of profit if it failed to deliver. I doubt if the Government would have consented to subject itself to this additional liability. See Popkin Bros. v. Dunlap, 130 Pa.Super 50, 196 A. 586.

■ A recovery might possibly have been had by the plaintiff for the difference between the contract price and the market value. However, the plaintiff does not sue for this but for his alleged profit. Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides for amendments of pleadings to conform to the evidence, but it is necessary for the party to move accordingly, and although the Court suggested that it might entertain a motion by plaintiff to amend the pleadings, plaintiff's counsel announced that he did not desire to amend. Therefore, the Court must hold that the plaintiff's recovery is limited to the amount of the purchase price, namely $168.75.

■ Interest may not be awarded against the United States unless the statute or contract so provides. United States v. Thayer-Westpoint Hotel Co., 329 U.S. 585, 67 S.Ct. 398, 91 L.Ed. 521; Henkels v. Sutherland, 271 U.S. 298, 46 S.Ct. 524, 70 L.Ed. 953; New York & Porto Rica S. S. Co. v. United States, D.C., 29 F.2d 1013, 1014, and there is no such provision.

510

Plaintiff may recover costs in the amount "actually incurred for witnesses, and for summoning the same, and fees paid to the clerk of the court". 28 U.S.C.A. § 258 [now § 2412]. Connors Marine Co. v. Petterson Lighterage & Towing Corp., 2 Cir., 152 F.2d 657. Disbursements are not included.

Proposed findings of fact and conclusions of law to be submitted on five days notice.