154 So.2d 197 (1963)
PAN-AMERICAN LIFE INSURANCE COMPANY, Appellant,
v.
Agustin Goytisolo RECIO, Appellee.
No. 62-452.
District Court of Appeal of Florida. Third District.
May 7, 1963.
Rehearing Denied June 26, 1963.
*198 Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellant.
Carey, Goodman, Terry, Dwyer & Austin and Joseph A. McGowan, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and BARKDULL, JJ.
PEARSON, TILLMAN, Chief Judge.
The defendant-insurance company appeals a summary final decree for plaintiff-policyholder in an action for declaratory decree. The complaint sought a declaration that the policyholder was entitled to the cash-surrender value of the insurance policy. We affirm.
The complaint of the policyholder made a copy of the insurance policy an exhibit. It appears without conflict that the defendant, Pan-American Life Insurance Company, is a corporation under the laws of the State of Louisiana, having its principal office in New Orleans, Louisiana. The policy provides for payment thereunder in United States dollars in New Orleans, Louisiana. The defendant-insurance company answered alleging that the acts of the Cuban Government in seizing its assets located in Cuba excused it from further performance under the contract of insurance sued upon. The court granted a summary decree for the plaintiff.
It is the general rule that unless a contrary intention is expressed in the contract, matters connected with the performance are regulated by the law prevailing at the place of performance. Scudder v. Union National Bank of Chicago, 91 U.S. 406, 23 L.Ed. 245 (1875); Brown v. Ford Motor Co., 48 F.2d 732 (10th Cir.1931); Repsold v. New York Life Ins. Co., 216 F.2d 479 (7th Cir.1954); see also Restatement, Conflict of Laws § 358 (1934).
Clearly then, a contract of a United States corporation payable in the United States in United States dollars cannot be governed by Cuban laws as to the method of performance.
This Court has recently had occasion to make exhaustive inquiry into problems similar to those presented in this appeal. See Confederation Life Ass'n v. Ugalde, Fla.App. 1963, 151 So.2d 315. Under the law set forth in that opinion, the fact that the contract involved in the instant appeal is to be paid in the United States is determinative of the issue of whether the law of this country governs the method of performance.
The additional factor which is present in this case is the contention of the insurance company that the acts of the Cuban Government in seizing the Company's assets located in Cuba excused the Company from further performance under the contract sued upon. In its answer the defendant-appellant pleaded as one of its defenses that in July of 1960, the Republic of Cuba enacted Law No. 851 which authorized the issuance of resolutions of expropriation, and pursuant thereto, on October 24, 1960, Resolution No. 3 was promulgated, expropriating the Cuban assets of the Pan American Life Insurance Company and substituting the Cuban state as the obligor on existing policies.
After the filing of the answer, the plaintiff moved for a summary final decree. In opposition to the motion, the defendant submitted two affidavits, one of Dr. Fernando C. Mendigutia, a Cuban lawyer now resident in Miami, the other of Mr. J.V. Bird, formerly the general manager and *199 agent for Pan American Life Insurance Company in Cuba. In that portion of Dr. Mendigutia's affidavit which is relevant to the defense now discussed, he sets forth his opinion that Law No. 851 of July, 1960, authorized the issuance of decrees of expropriation and nationalization, and that pursuant thereto on October 24, 1960, Resolution No. 3 was signed which expropriated the Cuban assets of Pan American, substituting the Cuban state as the obligor on the Company's Cuban policies including the policy in this suit. Mr. Bird's affidavit sets forth that on October 26, 1960, he delivered all of Pan American's assets to the Cuban administrator appointed under the expropriation resolution.
Appellant argues that expropriation decrees of recognized foreign sovereigns, insofar as they affect the rights of nationals of that sovereign, have been given effect in the courts of this country. In support of this proposition, it cites many cases holding that under the act of state doctrine the courts of the United States will not recognize a right of action based upon the claimed invalidity of an act of the government of a foreign state affecting its own nationals in its own territory. It is not necessary for us to discuss and analyze the recent developments of the act of state doctrine as this doctrine has been applied to the decrees of the present government of Cuba. This task has been undertaken elsewhere. See Banco Nacional de Cuba v. Sabbatino, 307 F.2d 845 (2d Cir.1962); Rodriguez v. Pan American Life Ins. Co., 311 F.2d 429 (5th Cir.1962).
We do not find that the act of state doctrine is applicable to the situation here before us. The appellant, an American insurance company, did business not only in the Republic of Cuba, but in the United States. As previously mentioned, the policy here involved was payable in the United States. Its contact with the law of Cuba was that it was sold there to a Cuban citizen. A fair reading of the policy makes it apparent that an important provision was that the policyholder might travel to the United States and that the policy would be paid in the United States. It must therefore be concluded that the purpose of this provision was to obligate the American company to pay in America without regard to the vicissitudes of Cuban law.
The appellant, insurance company, now asks that the courts enforce the expropriation decrees entered by the present government of Cuba. It asks the enforcement of the decrees by means of an affirmative defense; that is, the denial of the policyholder's recovery because of the existence of the decrees. As authority for its defense, the appellant relies most heavily upon the case of Dougherty v. Equitable Life Assur. Soc'y of United States, 266 N.Y. 71, 193 N.E. 897 (1934). It there appeared that Equitable Life and a number of other American life insurance companies had qualified to do business in Russia. They issued policies in Russia to Russian nationals. The Russian branches of the American companies were expropriated by the Soviet Government, which substituted a system of state support of its nationals and abolished the institution of insurance. After recognition of Soviet Russia by the United States, test cases were filed in New York against the companies for various benefits under the policies. The plaintiffs were successful in the lower courts but in the highest appellate court, they failed. As we gather the basis for the holding, it is that inasmuch as the contracts involved were Russian contracts payable in Russia, in Russian funds, and exclusively from Russian assets, the liability would be governed by Russian law. We do not think that this reasoning is applicable to the present case where the total assets of the appellant are pledged to the payment of the contract, and the contract is payable in the United States. As we have previously set forth, it is our holding that the law of the place of payment, or United States law, applies to this contract. Therefore, the expropriation decrees are not a bar to the action upon the policy.
Affirmed.