156 So.2d 785 (1963)
PAN AMERICAN LIFE INSURANCE COMPANY, a Louisiana corporation, doing business in the State of Florida, Appellant,
v.
Abraham RAIJ, Appellee.
No. 62-671.
District Court of Appeal of Florida. Third District.
May 21, 1963.
Rehearing Denied October 29, 1963.
*786 Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellant.
Oscar A. White and Herbert Wall, Miami, for appellee.
Before CARROLL, BARKDULL and HENDRY, JJ.
PER CURIAM.
Appellant, defendant in the trial court, appeals a summary final decree adjudicating that a certain policy of insurance issued by it [an American concern] to a Cuban national was still in full force and effect in accordance with its terms, and that the company was required to accept premiums in United States currency and required to pay amounts due under the contract in United States currency.
This action of the trial judge is affirmed upon the authority of Pan American Life Insurance Company v. Agustin Goytisolo Recio, Fla.App., 1963, 154 So.2d 197.[1]
Affirmed.

ON PETITION FOR REHEARING
PER CURIAM.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
The appellant has filed a petition for rehearing, pointing out that, in rendering the opinion in this cause, the court overlooked and failed to consider its contention that this transaction was governed by the Bretton Woods Agreement relating to the International Monetary Fund and the Federal legislation pertaining thereto. See: 22 U.S.C.A. § 286 et seq. At the time of the original opinion in this cause, this Agreement was considered and deemed to be not applicable, for the reason that the contract involved was a contract with an American company, made in the United States, payable in United States Dollars; that premiums had been accepted in United States Dollars since 1942, and that the effect of the chancellor's decree was only to require the appellant to continue to accept premium payments in United States Dollars. Not only were we of the opinion that the Bretton Woods Agreement was not applicable to the contract in the instant case, we were further of the opinion that the Bretton Woods Agreement pertained only to contracts "involving the currency of any member" of the Fund and that an American contract, upon which payments were to be made to or by the appellant in United States currency, was not an unenforceable contract within the provisions of Article VIII, § 2(b) of the Bretton Woods Agreement.[1a]
Denied.
NOTES
[1] The policy in the instant case is similar in most material aspects to the policy outlined in the opinion of the cited case.
[1a] "`Exchange contracts which involve the currency of any member and which are contrary to the exchange control regulations of that member maintained or imposed consistently with this Agreement shall be unenforceable in the territories of any member.'"