TILLMAN PEARSON, Judge.
The Pan-American Life Insurance Company was the defendant in the trial court. The action for declaratory decree raised *383 issues of law like those presented to this Court in Pan-American Life Insurance Company v. Recio, Fla.App.1963, 154 So.2d 197. By the agreement of the parties, the instant action was held in abeyance pending the appeal in the Recio case. After that appeal had been decided, a summary judgment was entered for the plaintiff on the issue of liability. This appeal is from the final judgment which was entered after the trial of the damage issue.
On this appeal, the appellant, insurance company, again argues the matters decided in Pan-American Life Insurance Company v. Recio, supra. Since these questions have been decided, arid no legal argument has been presented on this appeal which was not considered by this Court in the Recio case, we will not discuss them on this appeal.
The appellant presents an additional point. It is urged that summary judgment as to liability was improperly entered because the plaintiff, appellee, failed to prove his case by depositions, admissions, or affidavits. It may have been that the parties assumed that the facts in this case were similar to those decided in several other cases, involving policies sold by Pan-American Life Insurance Company to Cuban Nationals, which had been presented to the trial court. Nevertheless, there is no stipulation or admission in the record which will support the finding of the trial judge that the facts in this case presented no genuine issue of material fact. Therefore, the summary judgment must be reversed.
This holding is also required by a genuine issue of material fact presented as to the validity of an assignment of the insurance policy. Wallens v. Lichtenstein, Fla.App.1964, 159 So.2d 912. The record reveals that the plaintiff, Alberto Garcia Tunon, was not the original policyholder of the policy upon which suit was brought. It is alleged that he is, in fact, an assignee of some right therein. This assignment was not admitted, nor was proof thereof presented at the time of the hearing on the motion for summary judgment. It is therefore apparent that, upon this record, a genuine issue of material fact could be presented as to the rights of the plaintiff, appel-lee, under the alleged assignment.
The summary judgment is reversed, and the cause is remanded for further proceedings. It is entirely proper upon this remand for the trial court to again consider a motion for summary judgment if such should be presented. Cf., Walker v. Atlantic Coastline Railroad Co., Fla.App.1960, 121 So.2d 713.
Reversed and remanded.