PER CURIAM.
The Pan-American Life Insurance Company was defendant in the trial court to a suit brought by its insured, Julio Dumas. Alcocer. A final declaratory decree was. entered which found that the policy provided for payment of the cash surrender value in the City of New Orleans, Louisiana, in United States dollars. On this appeal, the appellant, Pan-American, urges that the court erred in finding that the policy was payable in dollars. There is no controversy on the facts. The policy, as originally written, called for payment at New Orleans in dollars. It bore an endorsement as follows :
“AGREEMENT TO PAY IN SILVER OR NATIONAL SILVER CERTIFICATES Attached to and made a part of Policy No. 350-151 — on the life of Dr. Julio Dumas Alcocer.—
It is hereby understood and agreed that all payments made in connection with this, policy, either to or by the Company, shall be effected in silver or national silver certificates on the basis of one peso for each dollar of the United States of America.”
The substance of appellant’s argument is that the conversion from payment in dollars to payment in “silver or national silver certificates on the basis of one peso for *913 each dollar of the United States of America” operated to convert the policy from a dollar policy to a peso policy, and that the provision of “one peso for each dollar of the United States of America” affected only payments which were specified in the policy to he made in dollars. On this basis, Pan-American urges that the provision— “one peso for each dollar” — does not apply to a reconversion of these payments into dollars. If Pan-American is correct in its contention that the endorsement did so change the policy, then the decree, which provides for payment in dollars at a rate of one dollar for each peso, would be subject to reversal pursuant to the holding of this Court in American National Insurance Company v. Cardenas, Fla.App.1965, 181 So.2d 359.[1] However, this interpretation of the effect of the endorsement cannot be sustained on this record.
Whether we view this policy as calling for payment in the United States in pesos or in dollars, we must affirm the judgment appealed because our decision in American National Insurance Company v. Cardenas, Fla.App.1965, 181 So.2d 359, is not applicable.
In American National Insurance Company v. Cardenas, Fla.App.1965, 181 So. 2d 359, we held that where a contract requires payment in the United States but specifies that the payment is to be made in a foreign currency, the required payment is to be valued in dollars in accordance with the prevailing rate of exchange. This general rule is not applicable in the case sub-judice because the contract provides the rate of exchange.[2] When the parties are at liberty to contract for a rate of exchange and the rate of exchange is expressed in the contract, the agreement of the parties will govern. Marine Ins. Co. v. M’Lanahan, 4th Cir.1923, 290 F. 685; Pennsylvania R. Co. v. Cameron, 280 Pa. 458, 124 A. 638, 33 A. L.R. 1281 (1924). Compare, King v. Hamilton, D.Or.1882, 12 F. 478. Therefore, the judgment for the appellee, which required payment on the basis of one dollar for each peso, was not erroneous.
Appellant’s third and fourth points were decided in Pan-American Life Insurance Company v. Recio, Fla.App.1963, 154 So.2d 197, and need not be further discussed here.
Affirmed.

. The chancellor found that: “ * * * even if it had been payable in Cuban pesos, the Court finds that the official rate of exchange is one peso is equal to one United States Dollar.”

. Where the meaning of the language used in a contract of insurance is doubtful, uncertain, or ambigous the contract must be liberally construed in favor of the insured. Hartnett v. Southern Insurance Company, Fla.1965, 181 So.2d 524.