## DEL VALLE v. PAN AMERICAN LIFE INSURANCE CO.
No. 62-C-9627.

Circuit Court, Dade County.

September 22, 1966.

Joseph A. McGowan, Miami, for plaintiff.

Dixon, DeJarnette & Bradford, Miami, for defendant.

HAL P. DEKLE, Circuit Judge.

*Final decree:* This suit is for declaratory decree brought by an insured under a policy of life insurance issued by the defendant.

The defendant life insurance company prior to the advent of the Castro regime had a branch office in Cuba from which it conducted its Cuban business. On April 15, 1950, it issued, through its Cuban office, the life insurance policy here in controversy. By the terms of the policy it was agreed that — "All payments relative to this policy either on the part of the Company or the insured, shall be made in the City of Havana, in the legal currency of the Republic of Cuba".

After the advent of the Castro regime, the assets of the company located in Cuba were seized by the Cuban government. Upon that happening, the company took the position that it was no longer obligated to the plaintiff under her policy. Pursuant to this position, the defendant rejected the plaintiff's application for the cash surrender or loan value of the policy. This suit followed.

It is clear from the appellate decisions that the defendant is obligated to the plaintiff under the policy and it was error to reject her application. Pan American Life Insurance Co. v. Recio, Fla. 154 So.2d 197; Pan American Life Insurance Co. v. Lorido, Fla. 154 So.2d 200.

However, defendant contends that even if it is liable to the plaintiff, its obligation is limited to pay to her the loan or cash surrender value, or if the policy had matured the face value, expressed in or judged by the value of the peso in the United States, the place of demand The plaintiff, for her part, contends that the value must be expressed in or judged by the value of the peso in Cuba, the place expressed in the contract as the place of payment.

Florida has held that an action upon an insurance policy, such as here, is a transitory action. Confederation of Canada Life Insurance Co. v. Vega, Fla. 1961, 135 So.2d 867. In passing on an insurance policy similar to that involved here, but involving a policy payable in pesos *in Galveston, Texas,* Florida held that —

"It . . . [is] . . . appropriate that a judgment upon the transitory action should provide for payment in United States dollars *equivalent to the pesos at the place of payment provided in the contract.*" American National Insurance Co. v. de Cardenas (Fla.) 181 So.2d 359, 361. (Italics added.)

The preceding quotation in de Cardenas was in explanation by the Florida court as to why it was distinguishing its ruling in de Cardenas from what would at first appear to be a contrary ruling in Huntley v. Alejandre, Fla. 139 So.2d 911, wherein the obligation was "to pay in Cuban pesos *in Cuba*". In sum, Florida has held that the value of an obligation to pay pesos in the United States is measured by the prevailing value of pesos at the place of payment converted to United States dollars. On the other hand, if the obligation is payable in Cuba, as here, then the value of the obligation is measured by the official exchange rate there, or one dollar for one peso, as the testimony here shows.

Even in the absence of proof of an official exchange rate, the value of any foreign currency becomes a question of fact to be resolved by the trier of fact. In the case here under consideration, there was conflicting testimony as to the value or exchange rate of Cuban pesos in the United States at the material times. The court resolves that conflict and finds that at the place of demand, the United States, (the cause of action on the policy being a transitory one) the prevailing rate of exchange was equal, or one dollar for one peso.

The defendant's own official fixed the cash surrender value of the policy at the inception of this suit at $6,010.30 (expressed in pesos). The plaintiff has demanded the cash surrender value. Converted either at the official rate of exchange in Cuba or the prevailing rate of exchange in the United States, it would appear that plaintiff is entitled to recover from the defendant, the sum of $6,010.30 (United States currency) together with interest computed from September 5, 1962 to April 9, 1964, at the rate of 6% per annum in the amount of $570.96, or a total of $6,591.26. The total sum should bear interest at the legal rate from April 9, 1964. (This matter was originally scheduled for hearing on April 9, 1964. By mutual stipulation the hearing was cancelled and the parties agreed that any amounts recovered would bear interest from April 9, 1964.)

Now therefore it is ordered and decreed that the plaintiff, Dolores Gonzalez Del Valle, do have of and recover from the defendant, Pan American Life Insurance Company, the sum

of $6,591.26 together with legal interest from April 9, 1964 until paid for all of which let execution issue in the manner provided by law.

The court retains jurisdiction for the purpose of taxing costs and fixing and taxing attorney fees. Attorney fees shall only be allowed in the event plaintiff submits proof that she made demand on the defendant to honor its obligation under the policy at least 60 days prior to the institution of this suit.