ELWIN R. MAIN and AMERICAN SURETY COMPANY OF NEW YORK v. BENJAMIN FOSTER COMPANY.

192 So. 602
Division A
Opinion Filed December 15, 1939

*D. Niel Ferguson,* of Counsel for Elwin R. Main and *H. M. Hampton* of Counsel for American Surety Company of New York, for Appellants;

*C. A. Savage,* for Appellee.

BUFORD, J.—Writ of error brings for review judgment in favor of the plaintiff in a suit against the principal and surety on a surety bond.

It is not necessary to set out the conditions of the bond *in haec verba,* but is sufficient to say that the obligation of the bond was as follows:

"We, Elwin Russell Main as Principal, hereinafter called the Employee, and the American Surety Company of New York as Surety, bind ourselves to pay Benjamin Foster Company as Employer such pecuniary loss, not exceeding Ten Thousand Dollars, as the latter shall have sustained of money or other personal property (including that for which the Employer is responsible), by any act or acts of Larceny or Embezzlement on the part of the Employee, directly or through connivance with others, while in any position or at any location in the employ of the Employer; this suretyship to begin November 15th, 1935, and to end (a) with the date of the discovery by the Employer either of loss hereunder or of dishonesty on the part of the Employee, or (b) with the date of the retirement of the employee from the service of the Employer, or (c) with the date of the termination of the suretyship by the Surety or the Employer in the manner hereinafter set forth in clause 8."

The other conditions of the bond are not material to the issues here. The plaintiff in error presents four questions for our consideration which are as follows:

1. "In an action upon a surety bond by an employer against an employee and his surety, is the employer entitled to recover attorney's fees under the provisions of the laws of the State of Florida, now Section 6220 C. G. L., providing for the recovery of attorney's fees in actions upon life, fire, accident, casualty or other insurance contracts, as a part of the damages sustained?

II. "Is an employer entitled to recover upon what is generally known as a larceny and embezzlement bond, by which a surety company for the employee, agrees to pay the employer such loss as the employer may have sustained of

money or other property, by act or acts of larceny or embezzlement on part of the employee while in the employment of the employer for a mere discrepancy in book accounts where there is no evidence to show that the employee failed to account for all moneys coming into his hands?"

III. "When an application is made to a surety company for a bond for an employee, and the surety company demands of the employer information to show when the accounts will be audited and the manner of their auditing, to which the employer replies that the accounts will be audited once a month by their own auditor, and the bond is issued upon this condition, but the employer fails entirely to have the books audited for a long time, wholly failing to comply with this agreement made by it, may the employer recover on such bond any amount in excess of that amount which could have been discovered at the end of the first month when it assured the surety company it would have the accounts audited?

IV. "Was the principal shown to have been guilty of embezzlement by the evidence in the case?"

It will be observed that plaintiff in the court below sued the employee, maker of the bond, and the surety company, the joint maker thereof, and recovered judgment. The verdict of the jury was as follows:

"We, the jury, find for the plaintiff and against the defendants, and assess plaintiff's damages at $5,000.00, in which sum is included a reasonable attorney's fee of $750.00. So say we all."

Thereupon, judgment was entered as follows:

"It is, therefore, considered, ordered and adjudged that the plaintiff, Benjamin Foster Company, a corporation, do have and recover of and from Elwin R. Main, as principal, and American Surety Company of New York, a corporation,

as surety, defendants, the sum of Five Thousand and no/100 ($5,000.00) Dollars, its damages herein sustained, together with the further sum of $27.85 its costs in this behalf expended and taxed by the Clerk, for which let execution issue."

Appellees rely on Section 4263 R. G. S., 6220 C. G. L., as statutory authority to recover attorney's fees in this suit. This statute was originally Chapter 4173, Acts of 1893 and was amended by Chapter 7295, Acts of 1917. The Act as amended in 1917 is:

"An Act Relating to the Liability of Persons, Companies, Corporations, Co-partnerships, Associations, Fraternal Benefit Societies and Others, Executing Life, Fire, Accident, Casualty or Other Insurance Contracts.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF FLORIDA:

"Section 1. That upon the rendition of a judgment or decree by any of the courts of this State against any person, company, corporation, co-partnership, association, fraternal benefit societies or others, in favor of the beneficiary or beneficiaries under any policy or contract of insurance executed by such person, company, corporation, co-partnership, or association, there shall be adjudged or decreed against such person, company, corporation, co-partnership or association, and in favor of the beneficiary or beneficiaries named in said policy or contract of insurance, a reasonable sum as fees or compensation for his, her or their attorneys or solicitors prosecuting the suit in which the recovery is had.

"Section 2. That the amount to be recovered for fees and compensation for attorneys and solicitors against such person, company, corporation, co-partnership, fraternal benefit societies, or association, as provided in the foregoing

section shall be ascertained and fixed by the court in chancery cases or a jury in common law actions, from testimony adduced for that purpose, and shall be included in the judgment or decree rendered in such cases."

Then follow Sections 3 and 4, which are of no importance here.

It is well settled that statutes penal in character must be strictly construed. It is also well settled that attorneys' fees can be recovered only when authorized by contract or statute. See 33 C. J. 150, Sec. 888; 15 C. J. 115, Sec. 249.

The phraseology of the statute under consideration is such as to lead us to the conclusion that the provisions of the statute were not intended to apply to suits on surety bonds. (See Union Indemnity Co. v. Vetter, 40 Fed. [2nd] 606.) The statute provides that upon the rendition of a judgment or decree by any court of this State "* * * in favor of the *beneficiary* or *beneficiaries* named in said policy or contract of insurance," etc. (Emphasis supplied.) The contract here under consideration nowhere refers to Benjamin Foster Company, the employer, as a beneficiary, nor are such parties to such indemnity contracts usually referred to as beneficiaries. If we refer to the title of the Act as it was enacted in 1893 we find that it reads: "An Act in Relation to the Liability of Life Insurance Companies and Fire Insurance Companies in the State of Florida." When the Act was amended in 1917, the title was changed to read as hereinbefore quoted.

While it has been held in some cases that such contracts are contracts of insurance, in most cases that holding has been enunciated in cases involving the rule of construction to be applied to the contracts involved or in determining the applicability of certain statutory provisions. See State v. Chicago Bonding Co., 279 Mo. 535, 215 S. W. 20.

We do not think that under the strict construction which

the rule of law requires of this statute it can be held to apply to judgment on such bonds as constitutes the cause of action in this case. Here the statute designated any "person, company, corporation, co-partnership, association, fraternal benefit societies or others in favor of the beneficiary or beneficiaries under any policy or contract of insurance" without mentioning surety companies or indemnity companies when the Legislature had dealt with surety companies for years past by special statutes applying to that class of suretyship. See Chap. 6857, Acts of 1915; Sec. 4327 R. G. S., 6290 C. G. L., to Sec. 4346 R. G. S., 6308 C. G. L.

The bond involved here is certainly not of that class of insurance contracts named in the statute and, therefore, is excluded from the purview of the statute by the doctrine of *"ejusdem generis."* See Childrens Bootery v. Sutker, 91 Fla. 60, 107 Sou. 345; *Ex Parte* Amos; 93 Fla. 5, 112 Sou. 289; Chardkoff Junk Co. v. City of Tampa, 102 Fla. 501, 135 Sou. 457; Goldsmith v. Orange Belt Securities Co., 115 Fla. 683, 156 Sou. 3.

So we must hold that the statute authorizing judgment for attorneys' fees does not apply in suits on surety bonds.

This brings us to the second question, *supra*. This question assumes the non-existence of evidence tending to show that the loss complained of was by the embezzlement on the part of the employee directly or through connivance with others. This was not a criminal case, and, therefore, the degree of proof which would be necessary to convict one of embezzlement was not essential to the right of recovery in this civil suit. The question assumes that the record shows conclusively that there was a mere discrepancy in book accounts and that there is no evidence to show that the employee failed to account for all monies coming into his hands. The question does not find substantial basis in the record.

The third question is not required to be answered either by this Court or the court below because the contract between the parties is full and complete and is silent as to any obligation upon the part of the employer to audit the books of the employee at stated intervals. The contract provides that liability shall exist, *inter alia,* provided:

"That loss be discovered during the continuance of this suretyship or within the fifteen months immediately following the termination thereof, and that notice of such loss be delivered to the Surety at its home office in the City of New York within ten days after such discovery.

"That claim, if any, be submitted by the Employer in writing, showing the items and the dates of the losses, and be delivered to the Surety at its home office within three months after such discovery, and that the Surety shall have two months after claim has been presented in which to verify same by appropriate investigation. In the meantime, no suit, action or proceeding shall be brought against the Surety by the Employer, nor after the expiration of Twelve months after the delivery of such statement of claim. If such limit of twelve months be prohibited under the law of the place governing the construction hereof, then the limit shall be the shortest period permitted by such law. In any suit, action of proceeding the Employee shall, if with reasonable diligence he can be found within the jurisdiction, be made a party to the suit and served with process therein.

"3. That in no event shall the liability of the Surety for any one or more defaults of the Employee during any one or more years of this suretyship .exceed the amount herein specified."

So the third question does not find basis in the record.

The fourth question may be answered by saying that there was substantial evidence from which the jury might have reasonably concluded, though probably not beyond a reason-

able doubt as would be required in a criminal case, that the defendant had embezzled funds belonging to his employer to the extent of the amount named in the verdict.

So our conclusion is that the only reversible error disclosed by the record was the allowing of recovery of attorney's fees in the amount of $750.00.

If the plaintiff shall in the court below within ten (10) days of the going down of the mandate in this cause enter a remittitur in the sum of $750.00, the judgment will stand affirmed for the balance; but if it shall decline to enter such remittitur, then the judgment shall be reversed for a new trial.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.