54 So.2d 188 (1951)
PHNIX INDEMNITY CO.
v.
UNION FINANCE CO.
Supreme Court of Florida, Division A.
August 24, 1951.
Rehearing Denied October 5, 1951.
*189 Fowler, White, Gillen, Yancey & Humkey, Tampa, for appellant.
Mabry, Reaves, Carlton, Anderson, Fields & Ward, Tampa, for appellee.
TERRELL, Justice.
Union Finance Company brought an action at law against Phoenix Indemnity Company to recover on a fidelity bond, better known as a "small Loan Companies Blanket Bond." The bond was given to indemnify plaintiff in an amount not exceeding $10,000 for losses sustained from January 16, 1948 to February 15, 1949, on account of dishonest or fraudulent acts of any of its employees, including the Manager of plaintiff's office at Lakeland, Florida. Section 11 is the pertinent part of the bond involved in this litigation and provides that the bond "shall be deemed terminated as to any employee as soon as the insured shall learn of any dishonest or fraudulent acts on the part of such employee."
The declaration alleged that while the bond was in force the manager of plaintiff's office at Lakeland, through dishonest and fraudulent acts, took and appropriated money of the plaintiff in the sum of $8,718.26, for which defendants are liable on their bond. There was also a claim by plaintiff for attorney's fees which was denied. In its eighth plea to the declaration. defendant says that on or about the first day of February, 1948, during the life of the bond, plaintiff learned that the manager of its office at Lakeland was dishonest, that he was collecting money from customers of the plaintiff and appropriating it to his own use, that by reason of this knowledge, the said bond was terminated as to said employee on or about February 1, 1948, and that defendant was not liable for losses sustained by the plaintiff by reason of said dishonest acts committed after February 1, 1948. On the issue so made, the case was tried before a jury. There was evidence to support the eighth plea. At the conclusion of the evidence defendant moved for a directed verdict in its favor. The motion was denied and the jury returned a verdict for the plaintiff in the sum of $8,165.22, for which a judgment plus costs was entered. A motion for new trial was denied and this appeal was prosecuted from the final judgment. Plaintiff has cross-appealed from the order denying its claim for attorney's fees.
The point for determination on the direct appeal is whether or not the trial court committed error in refusing to direct a verdict for defendant at the conclusion of the evidence.
Defendant contends that this question should be answered in the affirmative because its eighth plea raised the affirmative defense that plaintiff had knowledge of the dishonesty of the manager of its Lakeland office on February 1, 1948 and that under the provisions of Section 11 of the bond heretofore quoted, it was terminated as to said employee from that date.
Plaintiff contends on the other hand, that only one witness testified in support of defendant's eighth plea, that the testimony of said witness and the circumstances under which it was given was such that the trial court, instead of considering the motion for directed verdict, submitted the matter to the jury with appropriate instructions. *190 The jury did not believe the defendant's witness and returned a verdict for the plaintiff.
We have read the evidence in support of the eighth plea and the instruction given by the court relating to it. We are convinced that the court was within its discretion in submitting the matter to the jury and when done it then became the duty of the jury to weigh the evidence and return a verdict accordingly. It appears that the witness in question had at one time been the Secretary-Treasurer of the plaintiff but was permitted to resign soon after the loss sued on was discovered. The jury observed him testify, weighed his testimony and rejected its veracity. We find support for its conclusion.
Aside from the verdict the rule seems well settled in this country that knowledge communicated to an agent or officer of a corporation as notice to the corporation, is not applicable to fidelity and surety bonds so as to relieve or discharge the surety. Fidelity & Deposit Co. v. Merchant's and Marine Bank of Pascagoula, 169 Miss. 755, 151 So. 373, 154 So. 260; Peurifoy v. Loyal, 154 S.C. 267, 151 S.E. 579; American Bonding Co. of Baltimore v. Spokane Building and Loan Society, 9 Cir., 130 F. 737. We think the instruction was a fair one and likewise the rule drawn from it.
This brings us to the question raised on the cross appeal, whether or not the plaintiff may be awarded attorney's fees in a suit on a fidelity bond where there is no provision for such fees in the bond or the policy.
Attorney's fees must be provided by contract or statute. It is apparently admitted that the answer to the question here turns on the interpretation of Section 625.08, F.S.A. Appellant contends that the question is concluded against the contention of cross-appellant by Main v. Benjamin Foster Co., 141 Fla. 91, 192 So. 602, 126 A.L.R. 1434; Union Indemnity Co. v. Vetter, 5 Cir., 40 F.2d 606; and U.S. Fidelity & Guaranty Co., Inc., v. Highway Engineering & Construction Co., Inc., 5 Cir., 51 F.2d 894, certiorari denied 284 U.S. 669, 52 S.Ct. 43, 76 L.Ed. 566.
Cross-appellant contends on the other hand, that the act of 1941 was broadened so as to remove the limitation defined in the last cited cases and that the law now applies to and makes "any insurer" liable on such contracts. We do not find that the legislature has undertaken to do this and being so, we are impelled to hold that the last cited cases control.
It is accordingly our view that the trial court was correct in denying attorney's fees to plaintiff. It follows that the judgment is affirmed both as to the appeal and the cross-appeal.
Affirmed.
SEBRING, C.J., and THOMAS and HOBSON, JJ., concur.