PEARSON, Judge.
The plaintiff brought an action on a statutory public works bond, required under Section 255.05, Fla.Stat., F.S.A., against the surety. The complaint was amended pursuant to leave of court to include a claim for attorney’s fees for plaintiff’s attorney. This amendment was allowed under the theory that a provision in the contract between the School Board and the prime contractor authorized the assessment of this fee. The defendant moved to strike this amendment and the motion was denied. The surety filed defenses based essentially on the theory that the use plaintiff, Rose-Saxon Lumber Co., had extended the time of payment for the materials furnished by it to the contractor, and that such extension of time relieved the defendant of liability. Motion to strike the defense was filed and in effect was granted by the trial judge; in that he refused to admit evidence proffered in support of the defense. The plaintiff recovered a judgment which included an attorney’s fee. The defendant appeals and urges error; first by the court’s refusal to admit proffered testimony in support of the defense above set out, and second by the inclusion of an attorney’s fee in the judgment.
The appellant failed to support its proposition that the surety was prejudiced by the extension of time for payment of the materials furnished. Nor has it furnished us with authority upon which it could be held that the extension of time released the surety. An analysis of the cases cited by appellant reveals that the only authority for its position is found in cases dealing with personal sureties on negotiable instruments. The position of a compensated surety is not the same as that of an accommodation party on a negotiable instrument. Gibbs v. Hartford Accident & Indemnity Co., Fla.1952, 62 So.2d 599; 50 Am.Jur., Suretyship §§ 320-322 (1944). Therefore we must reject appellant’s contention that negotiable instrument cases apply. The court should have stricken *892 the defenses on motion, and therefore the refusal to admit evidence under them was not error.
Since attorney’s fees can be allowed only by statute, or in the enforcement of a contract between parties stipulating for their payment, that portion of the judgment must be reversed. Brite v. Orange Belt Securities Co., 133 Fla. 266, 182 So. 892; Main v. Benjamin Foster Co., 141 Fla. 91, 192 So. 602, 126 A.L.R. 1434; Union Indemnity Co. v. Vetter, 5 Cir., 1930, 40 F.2d 606. There is no provision for attorney’s fees in the contract between the use plaintiff and the prime contractor. The contractor’s performance bond is silent as to an obligation to pay attorney’s fees. The bond does, however, incorporate by reference the entire contract between the school hoard and the prime contractor. This latter contract contains a stipulation for payment of legal services.[1] The stipulation in this contract is not intended for the benefit of a use plaintiff, but rather for the protection of the school board in the event they are required to secure an attorney on account of a breach. The cause is remanded with directions to enter an amended final judgment by striking from the present judgment the amount assessed as attorney’s fees.
Affirmed in part and reversed in pa,rt.
CARROLL, CHAS., C. J., and HORTON, J., concur.

. The contract between the general contractor and the school board provided that the “Instructions to the Bidders and General Conditions” shall be a part of the contract between the parties as if they were copied in full therein. Article A-16 of said included document provided: “In case of default on the part of the contractor, actions for all expenses incident to ascertaining and collecting losses under the bond, including both Architectural and Legal services, shall lie against Bond.”