105 So.2d 33 (1958)
James N. DILLMAN, Appellant,
v.
Frances S. DILLMAN, Appellee.
No. 344.
District Court of Appeal of Florida. Second District.
September 5, 1958.
Rehearing Denied September 29, 1958.
*34 Mann, Harrison & Mann, St. Petersburg, and Masterson & Meros, St. Petersburg, for appellant.
Carey & Harrison, St. Petersburg, for appellee.
FUSSELL, CARROLL W., Associate Judge.
This is an appeal by the father of an illegitimate 7-year old boy from an order denying modification of a prior custody decree and granting continued custody of the minor child to its natural mother, and providing that the father should pay for the support of the child, should pay $250 to the attorney of the mother, and also the costs of court.
The appellant father proposes the following two questions:
1. Whether the court erred in denying appellant's prayer for custody and granting continued custody of the minor child to appellee.
2. Whether the court erred in awarding attorney's fees and court costs to appellee.
A review of the evidence indicates very little conflict and provides ample support for the findings of the Chancellor who personally heard three days of testimony.
We find no error of law in the awarding of continued custody to the mother in the decree of court appealed from and a reversal of the lower court on this ground would be merely to substitute our view for that of the Chancellor who had an opportunity, not available to us, to see and appraise each litigant and to observe and talk with the child. This is an unfortunate situation in which there appears to be no perfect solution. The controlling thought and decision of the court should be for the welfare and best interest of the child.
The evidence indicates that the mother has been in the possession of and has raised and supported the child most of the time since infancy. The financial contributions of the father until recently have been negligible. The evidence shows that unfortunately the mother has repeatedly engaged in illicit cohabitation with different men, who during such periods of time helped support her and the child. The observation of the Chancellor and the report of the qualified welfare worker show, however, that the child appears to be well developed, well cared for, normal in most matters and has stated a decided preference to remain with his mother, even after having been with his father some 3 or 4 weeks and thereafter in a foster home. The mother is now married and is separated from her husband and plans a divorce shortly. Very little evidence is in the record as to the moral life of the father during the past 6 or 7 years, except that he lives in a very nice home by himself; that he works in the night time and sleeps in the day time. The evidence does show, however, that the father apparently has no aversion to illicit relations, as he admits that he lived in his home recently with the mother during which time he had illicit relations with her, although he knew at that time that she was a married woman. Lacking competent evidence otherwise, this court cannot presume that the father engaged in no other such illicit relationships in his home prior to this occasion with the mother, nor can the court presume that it was customary for the father to carry on such illicit relationships in his home. We find no error in the decree awarding continued custody of the minor child to the mother.
The second question proposed by appellant is whether the court erred in awarding attorney's fees and court costs to appellee.
*35 The matter of awarding court costs lies clearly within the discretion of the Chancellor, and we find no abuse of discretion and affirm the action of the Chancellor in awarding court costs to appellee.
On the matter of attorney's fees we are confronted with a more difficult problem, which the Chancellor realized by stating in his findings and order:
"There is a question in the court's mind whether Florida Statute 65.16 [F.S.A.] is applicable to this case, but since this court is a court of equity, it does not seem just and proper that the petitioner could file petition after petition to try and gain custody of the minor child and never have to pay the attorney's fees and court costs of the respondent."
Florida Statute 1957, Section 65.16, F.S.A., provides as follows:
"(1) Whenever any legal proceeding is brought for the purpose of enforcing a decree or order of the court, providing for the payment of alimony or support for children, the court may, in the exercise of a sound judicial discretion, allow to the divorced wife such sums of suit money, including a reasonable attorney's fees as from the circumstances of the parties and the nature of the case shall be fit and equitable and just.
"(2) Any order so made under the provisions of this section shall be enforced in the same manner as are other chancery orders or decrees."
The law in Florida is well settled that attorney's fees can be awarded to a successful litigant only in two cases: (1) Where the parties have contracted for such attorney's fees; and (2) where the statute provides for such attorney's fees. Main v. Benjamin Foster Co., 141 Fla. 91, 192 So. 602, 126 A.L.R. 1434.
There is no contention that attorney's fees were payable by reason of a contract between the parties in the instant case, and so, if allowable, must be so by reason of some applicable statute. The only statute cited, and which this court after research has been able to locate, which even remotely applies to a situation similar to that in the instant case, is Florida Statute, Section 65.16, F.S.A., above.
It is the duty of this court solely to interpret and apply the acts of the Legislature and not to create new legislation, nor to correct, amend or complete acts of the Legislature so as to relieve hardship cases or supply relief in similar instances which the Legislature overlooked. It is the opinion of the writer that arguments of this kind should be addressed to the Legislature rather than the court, and that even though the court might agree, and would, if a legislator, vote to pass such legislation, still the court's view on this point would not justify the court in accomplishing this legislative result under the guise of interpreting this legislative act.
We point out that the above statute provides that the allowance of such money shall be to the divorced wife, and the appellee is not the divorced wife of the appellant in the instant case.
It is, therefore, the opinion of this court that attorney's fees were improperly allowed, as there is no contract or statutory provision authorizing the same.
The decree is affirmed in all respects except as to the awarding of attorney's fees, and reversed in this regard.
KANNER, C.J., and ALLEN, J., concur.