CARROLL, DONALD K., Judge.
The coexecutors have appealed from an order of the County Judge’s Court for St. Johns County allowing the sum of $1,000 to each of two appraisers of the estate as compensation for their services as such appraisers.
In their report as appraisers, in which they evaluated the total estate at $615,-111.11, the appraisers requested the allowance to each of them of the sum of $1,500 as compensation for their services as appraisers. The coexecutors then filed their objection to the compensation so requested. After a hearing on this objection, at which the testimony of several witnesses was taken, the County Judge’s Court entered the order appealed from. In this order the court held:
*47 “That the objection to appraiser’s requested compensation be and the same is hereby allowed to the extent of the sum of $500.00 for each appraiser; the reasonable fee for the services of each of said appraisers herein being thereupon determined to be the sum of $1,000.00 each, which said sum shall include the compensation for each of said appraisers for services performed in appraising said estate and making return thereof, and for payment of attorneys’ fees and costs in the hearing of the matter of the objection to their claim for compensation.”
Section 733.07, Florida Statutes, 1959, F.S.A., the only present Florida statute authorizing the allowance of compensation to appraisers in the administration of estates, reads as follows:
“Each appraiser shall be entitled to receive for his services reasonable compensation, to be fixed by the county judge and paid by the personal representative. Application therefor shall be accompanied by an affidavit of each appraiser showing the services rendered by him as appraiser, and the reasonable value thereof, and such application may be heard upon such notice as the county judge shall fix.”
The plain and unequivocal meaning of this statute is that an appraiser may be allowed a reasonable compensation for his services as appraiser: “for his services reasonable compensation * * * services rendered by him as appraiser, and the .reasonable value thereof * * No provision is made in the statute as to any other kind of services.
One of the appellants’ chief assignments of error is that the County Judge’s Court erred in the order appealed from in allowing compensation to attorneys for the ap-pellees in proceedings for their allowance of compensation for their services to this estate as appraisers.
We agree with the appellants in this. The order expressly provided that the reasonable fee for each appraiser “shall include the compensation * * * for payment of attorneys’ fees and costs in the hearing of the matter of the objection to their claim for compensation.” The exact part of the $1,000 allowed for attorneys’ fees was not stated in the order.
It has long been an established rule in Florida that attorneys’ fees may not be allowed unless provided for by statute or agreement. See the following decisions of our Supreme Court: State ex rel. Royal Ins. Co. v. Barrs, 1924, 87 Fla. 168, 99 So. 668; Webb v. Scott, 1937, 129 Fla. 111, 176 So. 442; Ex parte Graham, 1939, 136 Fla. 20, 186 So. 202; Main v. Benjamin Foster Co., 1939, 141 Fla. 91, 192 So. 602, 126 A.L.R. 1434; Dorner v. Red Top Cab & Baggage Co., 1948, 160 Fla. 882, 37 So. 2d 160; Phoenix Indem. Co. v. Union Finance Co., Fla.1951, 54 So.2d 188; Shavers v. Duval County, Fla.1954, 73 So. 2d 684; and Codomo v. Emanuel, Fla. 1956, 91 So.2d 653. We recognized and applied this rule in Gullette v. Ochoa, Fla.App.1958, 104 So.2d 799.
No agreement for the payment by the estate of the fees of the appraisers’ attorneys is shown in the record, and Florida statutes do not authorize such payment here. We can only conclude, therefore, that the County Judge’s Court was in error in including attorneys’ fees in the amount awarded the appraisers in the order appealed from. In view of this holding, we need not and do not consider and pass upon the appellants’ other assignments of error.
The order is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
Reversed with directions.
WIGGINTON, Chief Judge, and STURGIS, J., concur.