PER CURIAM.
The only point involved in this appeal is whether or not the provisions of § *4 627.0905 (2)[1] limit reasonable attorney’s fees provided for in a construction contract secured by a surety bond.
The record on appeal reveals that Sam Joseph, a general contractor, entered into a sub-contract with the ap-pellee which provided, among other things, the following:
* * * ifc * * “* * * All past due payments will be subject to an interest rate of 6% per annum, together with all expenses of collection, including reasonable attorney’s fees which Buyer agrees to pay.”
* *****
The appellant, The Home Indemnity Company of New York, executed the surety bond in connection with the basic contract. In this surety agreement, the following is found:
* * x * * *
“5. In each and every suit brought against the Obligor upon this bond, in which the plaintiff shall be successful, there shall be assessed therein against the Obligor herein, in favor of the plaintiff therein, reasonable counsel fees, engineers, architect and other expert witness fees, which the Obligor hereby expressly agrees to pay as part of the cost and expense of such suit.”
* * * * * *
The complaint was filed in the trial court to recover approximately $38,000.00 At the opening of the trial, the plaintiff [ap-pellee herein] received $25,000.00 in part payment of the sums due it under the basic contract with Sam Joseph. Thereafter, final judgment was rendered on the balance claimed in the amount of $12,797.02 and attorney’s fees were fixed in the amount of $4,000.00. The only point preserved on appeal in this case is whether or not the provisions of § 627.0905(2), Fla.Stat., F.S.A., limit the reasonable fees[2] that may be recovered in the instant case. We hold that it does not.
Joseph, the contractor, covenanted to pay reasonable fees for collection. The surety covenanted to indemnify Joseph in the payment of all costs of collection of reasonable fees, etc. We find that the statute is not applicable and that the parties were free to contract for reasonable fees rather than statutory fees. This is particularly true in construing contracts involving compensated sureties. Phoenix Indemnity Company v. Board of Public Instruction of Alachua County, Fla.App.1959, 114 So.2d 478; 4 Fla.Jur., Bonds, § 12; 30 Fla.Jur., Suretyship and Guaranty, § 11. Attorney’s fees must arise either by contract or statute. Phoenix Indemnity Co. v. Union, Finance Co., Fla.1951, 54 So.2d 188; Dillman v. Dillman, Fla.App.1958, 105 So.2d 33; In Re Fields Estate, Fla.App.1960, 121 So.2d 46. In the instant case they rise by contract. If it were not for the contracts, then any recovery against the surety would have to be limited by the provisions of the statute.
Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby affirmed.
Affirmed.

. * * *
“ * * * that the amount to be so recovered for fees or compensation- of such a plaintiff’s attorney shall not he more than twelve and one-half per cent of the amount which the judgment or decree awards such plaintiff under the bond * * *»»

. The fee awarded was within the range of the testimony, and no error is demonstrated in this regard.