SWANN, Judge.
United Bonding Insurance Company appeals from a final judgment rendered for Inter National Bank of Miami. This final judgment was entered after a non-jury trial of the issues involved in an action in which the bank sued the bonding company for payment on bonds it issued as security for payment of two notes held by the bank,
The appellant’s sole point for reversal of the final judgment is controlled, in our opinion, by Consolidated Naval Stores Co. v. Wilson, 82 Fla. 396, 90 So. 461, 21 A.L.R. 681 (1921); and Merker v. Lake Region Packing Association, 126 Fla. 589, 172 So. 702 (1936). See also Winchester v. Florida Electric Supply, Inc., Fla.App.1964, 161 So.2d 668; 57 A.L.R.2d 855 (1958).
*21 In addition, the notes between the bank and the maker, which were made part of the bond, specifically assigned and pledged to the bank the collateral security named therein for “the payment of any other obligation or obligations of the maker or endorsers hereof to the payee herein, which now exists or may hereafter arise, * *
The bank was specifically authorized by the maker of the notes to apply the proceeds from the collateral security to its various loans to the maker in such manner as that complained of by this action.
The bank has cross-assigned as error the order of the trial court striking its demand to require the surety company to pay it reasonable attorneys’ fees under the provisions of Fla.Stat. § 627.0127, F.S.A.
The bank concedes that the Supreme Court of Florida has held that the statute authorizing recovery of attorneys’ fees in actions on insurance policies is inapplicable to suits on surety bonds. See Main v. Benjamin Foster Co., 141 Fla. 91, 192 So. 602, 126 A.L.R. 1434 (1939); Phoenix Indemnity Co. v. Union Finance Co., Fla.1951, 54 So.2d 188.
The bank seeks to distinguish these cases since the bonds involved there were fidelity bonds and here the bonds were security for payment of promissory notes and because the notes secured by these bonds specifically provided for the payment of attorneys’ fees.
The record on appeal reveals that the bank’s complaint against the surety did not allege that any attorneys’ fees were due under the notes. It alleged only that there was due and unpaid, the face amount of each of the notes plus interest. It further appears that the notes required only the maker and endorsers to pay reasonable attorneys’ fees in case a suit should be brought for the collection of the notes, and made no specific mention of payment of the notes by a surety in an action on a bond. This suit was based on the surety bonds and not the notes.
Under these facts and the law pronounced by the Supreme Court of Florida, ■it appears to us that attorneys’ fees are not required to be paid by the surety company to the bank in this cause. The order appealed from is, therefore,
Affirmed.