Charles F. Mills, South Miami, Fla., O. Edgar Williams, Jr., Fort Lauderdale, Fla., for defendant-appellant.

Barry R. Davidson, Miami, Fla., for plaintiff-appellee.

The FIRST NATIONAL BANK OF MIAMI, Plaintiff-Appellee,

v.

INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellant.

No. 75–2197.

United States Court of Appeals, Fifth Circuit.

July 9, 1976.

Before DYER, SIMPSON and RONEY, Circuit Judges.

DYER, Circuit Judge:

In the first appearance of this case, we held that First National was entitled to recover certain losses sustained by it under the terms of a bankers blanket bond, a form of surety bond, issued by Insurance Company of North America (INA). *First National Bank of Miami v. Insurance Company of North America*, 5 Cir. 1974, 495 F.2d 519. The terms of the bond are fully set out in that opinion. On remand, the district court held that the bank was entitled to attorney's fees pursuant to Fla.Stat. § 627.428 (1975). Here, INA argues that the district court was *Erie*-bound in this diversity case to apply the law of Florida as stated in *United Bonding Insurance Co. v. International Bank of Miami,*, Fla.App.3d Dist. 1969, 221 So.2d 20, which, in the view of INA, mandates a contrary result. We do not find *United Bonding* to be controlling, and we affirm the decision below.

Fla.Stat. § 627.428(1) (1975) provides that an insured or named beneficiary is entitled to attorney's fees after the successful prosecution of a claim against an insurer.[1] The

1. Fla.Stat. § 627.428(1) provides in pertinent part:

Upon the rendition of a judgment or decree by any of the courts of this state against an

district court found this statute and related statutory provisions to be clear and unambiguous.

INA argues that regardless of the clarity found in the statutory scheme, a Florida court has come to a contrary conclusion in *United Bonding, supra*, which conclusion we cannot ignore. INA claims that we are rigidly bound to follow decisions of Florida's intermediate appellate courts, while the bank argues that we are not bound by those decisions if we are convinced that the Supreme Court of Florida would come to a contrary conclusion if faced with the issue. But this is a point we need not resolve, for in our view *United Bonding* did not decide the question now before us, that is, whether Fla.Stat. § 627.428 applies to a suit on a surety bond.

The decision in *United Bonding* must be analyzed in light of two prior cases, *Phoenix Indemnity Co. v. Union Finance Co.*, Fla.1951, 54 So.2d 188, and *Main v. Benjamin Foster Co.*, Fla.1939, 141 Fla. 91, 192 So. 602. *Main*, like the case now before us, involved an award of attorney's fees following the successful prosecution of a claim under a surety bond. In the view of the court, the attorney's fee statute then in effect, section 4263 R.G.S., section 6220 C.G.L.[2] did not apply to a suit on a surety bond for two reasons. First, under the terms of the statute, an award of attorney's fees was authorized only upon the rendition of a judgment or decree in favor of a bene-

ficiary named in the policy. As noted by the court, a party to an indemnity or surety contract is not usually denominated as a beneficiary. Second, the court concluded that surety contracts are not generally regarded as contracts of insurance, and thus did not come within the terms of the statute.

*Phoenix* resolved the same question with respect to a subsequent attorney's fee statute, Fla.Stat. § 625.08 (1951).[3] A provision of the Insurance Code then in effect defined "insurer" as, *inter alia*, one issuing policies of indemnity or surety. Fla.Stat. § 625.01(6) (1951). Thus, one of the grounds set forth in *Main* for denial of attorney's fees was eliminated. However, the attorney's fee statute still required a judgment in favor of a beneficiary, and thus the court concluded that the statute still did not apply to suits on surety contracts.

*United Bonding* similarly involved the award of attorney's fees following the successful prosecution of a claim on a surety contract. The applicable attorney's fee statute, Fla.Stat. § 627.0127 (1969) was the same statute now before us, Fla.Stat. § 627.428 (1975). Although that statute eliminated the requirement of a judgment in favor of the beneficiary, and merely required a judgment in favor of the insured, the District Court of Appeal for the Third District nevertheless affirmed a final judgment denying the award of attorney's fees.

---

insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court . . . shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which recovery is had.

**2.** Section 4263 R.G.S., section 6220 C.G.L., provided in pertinent part:

Section 1. That upon the rendition of a judgment or decree by any of the courts of this State against any person, company, corporation, co-partnership, association, fraternal benefit societies or others, in favor of the beneficiary or beneficiaries under any policy or contract of insurance executed by such person, company, corporation, co-partner-

ship, or association, there shall be adjudged or decreed . . . in favor of the beneficiary or beneficiaries named in said policy or contract of insurance, a reasonable sum as fees or compensation for his, her or their attorneys or solicitors prosecuting the suit in which the recovery is had.

**3.** Fla.Stat. § 625.08 (1951) provided in pertinent part:

Upon the rendition of a judgment or decree by any of the Courts of this State against any insurer in favor of the beneficiary under any policy or contract of insurance executed by such insurer, there shall be adjudged or decreed against such insurer . . . a reasonable sum as fees or compensation for his attorneys . . .

However, it is clear from the opinion of the court that they were not presented with the question of whether the statute applied to suits on surety bonds:

> The bank concedes that the Supreme Court of Florida has held that the statute authorizing recovery of attorneys' fees in actions on insurance policies is inapplicable to suits on surety bonds. See *Main v. Benjamin Foster Co.*, 141 Fla. 91, 192 So. 602, 126 A.L.R. 1434 (1939); *Phoenix Indemnity Co. v. Union Finance Co.*, Fla. 1951, 54 So.2d 188.

221 So.2d at 21 [emphasis added]. Since the bank in *United Bonding* conceded the point now raised, the court in that case necessarily could not have decided the issue. The only issue presented to the court was whether the bond involved, issued as security for payment of two promissory notes, was sufficiently similar to the surety bonds involved in *Main* and *Phoenix* so as to be controlled by those cases. We do not read that case as stating anything more. It does not control the disposition of the question now before us.

In our view, the present attorney's fee statute, Fla.Stat. § 627.428 (1975), is distinguishable from the statutes considered in *Main* and *Phoenix*. Those statutes required a judgment in favor of a beneficiary. But the present statute only requires a judgment "in favor of an insured or the named beneficiary," and the judgment here is in favor of the insured. Further, an insurer is defined in Fla.Stat. § 624.03 (1975) as, *inter alia*, every person engaged as indemnitor or surety, and Fla.Stat. § 624.606(3) (1975) defines surety insurance as, *inter alia*, insurance indemnifying banks. Thus, both grounds set out by the Supreme Court of Florida in *Main* for the denial of attorney's fees in suits on surety contracts no longer exist. Absent a contrary holding by a Florida appellate court, and, as noted, *United Bonding* is not such a holding, we conclude that attorney's fees may be awarded when a judgment is rendered against a surety in favor of the insured under the contract of surety.

AFFIRMED.