FRANK D. UPCHURCH, Jr., Judge.
This is an appeal from a final judgment of the Circuit Court for Volusia County.
The question presented is whether section 627.756, Florida Statutes (1977),[1] limits an award of attorney’s fees to 12.5 percent of the damages awarded by the jury against a subcontractor who has obtained a performance bond notwithstanding that the subcontract agreement provided for a “reasonable” attorney’s fee.
We conclude there is no such limitation.
Appellants, Leo C. Hyder and S. D. Hy-der, d/b/a H & H Construction Company, subcontracted with appellee, Acousti Engineering Company, for certain renovations. Appellee, United States Fidelity and Guaranty Company, wrote a performance bond for Acousti. Thereafter, Acousti breached the subcontract and H & H Construction filed suit. The complaint was in two counts: Count I sought damages for breach of contract and for reasonable attorney’s fees as specified in the contract; Count II was against USF&G on its performance bond. The jury returned a verdict in the amount of $5,546.20. At a subsequent hearing, the court combined the attorney’s fee award against both Acousti and USF&G and limited the amount allowable to 12.5 percent or $693.28, pursuant to the statute. The parties have stipulated that were it not for the statute, the sum of $3,000.00 would be a reasonable fee.
The right of a party to an award of attorney’s fees must be established either by contract or by a specific statute. Joseph v. Houdaille-Duval-Wright Co., 213 So.2d 3 (Fla.3d DCA 1968). The contract between H & H Construction and Acousti clearly provided for an award of reasonable attor *317 ney’s fees. Acousti conceded that if USF&G had not written a bond, there would be no limitation as imposed by the statute; however, it contends that the statute limits the recovery because of the presence of the bond. Acousti also acknowledges that had H & H Construction sued only Acousti and not joined USF&G, reasonable attorney’s fees could also have been recovered.
In their complaint, H & H Construction carefully sought reasonable attorney’s fees and damages against Acousti and sought only damages against USF&G on its performance bond. Entitlement to reasonable fees should not turn on the technical point of combining two counts in one suit rather than filing two separate actions.
Section 627.756(2), applies only to suits against a surety insurer. It has no application to suits between the contracting parties.
Therefore, the judgment dated June 15, 1979, is hereby REVERSED and REMANDED with directions to enter judgment for H & H Construction in the amount of $3,000.00 with interest from the date judgment appealed was entered.
REVERSED and REMANDED.
ORFINGER, J., and MELVIN, WOODROW M., Associate Judge, concur.

. Bonds for construction contracts; attorney fees in case of suit — Section 627.428 (attorney fee) shall also apply as to suits brought by owners, subcontractors, laborers and material men against a surety insurer under payment or performance bonds written by the insurer under the laws of Florida to indemnify such owners, subcontractors, laborers and material men against pecuniary loss by breach of a building or construction contract; except, that the amount to be so recovered for fees or compensation of such a plaintiffs attorney shall not be more than 12.5 percent of the amount which the judgment or decree awards such plaintiff under the bond (exclusive of the costs of suit and attorney fees or compensation), nor shall it be less than $100 where the judgment or decree is for more than $500 nor less than $50 where the judgment or decree is $500 or less. Such owners, subcontractors, laborers and material men shall be deemed to be “insureds” or “beneficiaries” for the purposes of this section.