Reliance Insurance Company,  )
                              )     Appeal No.
        Plaintiff/Appellee,   )        01-A-01-9612-CV-00552
                              )
v.                            )     Trial Court No.
                              )     93C-3494
WSN Leasing , Inc.,           )
        Defendant/Appellant,  )
and                           )
Steven Craig Griffin,         )
        Defendant.            )

**FILED**

July 16, 1997

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FOR THE SIXTH CIRCUIT COURT OF DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

THE HONORABLE THOMAS W. BROTHERS, JUDGE

GEORGE T. LEWIS, III
Baker, Donelson, Bearman & Caldwell
2000 First Tennessee Building
165 Madison Avenue
Memphis, Tennessee 38103
        ATTORNEY FOR DEFENDANT/APPELLANT

MICHAEL F. RAFFERTY
Harris, Shelton, Dunlap & Cobb, L.L.P.C.
2700 One Commerce Square
Memphis, Tennessee 38103-2555
        ATTORNEY FOR PLAINTIFF/APPELLEE

VACATED IN PART, AFFIRMED IN PART,
AND REMANDED

SAMUEL L. LEWIS, JUDGE

This is an appeal by defendant/appellant, WSN Leasing, Inc., from a decision of the Sixth Circuit Court of Davidson County finding the insurance policy issued by plaintiff/appellee, Reliance Insurance Company, to WSN did not cover certain intentional acts of WSN's employee, defendant Steven Craig Griffin, and granting summary judgment in Reliance's favor. The facts out of which this matter arose are as follows.

Mary Kay Tellez met Steven Craig Griffin for the first time at a Nashville restaurant on 28 October 1990. Griffin invited Ms. Tellez outside to see his tractor-trailer rig which was owned by Griffin's employer, WSN. As Ms. Tellez approached the truck, Griffin grabbed her and shoved her into the sleeper compartment. Griffin drove around Nashville and outlying areas for four to five hours with Ms. Tellez bound and gagged in the sleeper compartment. Griffin stopped intermittently to beat and sexually assault Ms. Tellez. Finally, Griffin abandoned Ms. Tellez along Interstate 40 in Cheatham County.

Ms. Tellez filed suit against Griffin and WSN in Davidson County on 25 October 1991. Ms. Tellez alleged, in part, that WSN was liable for negligent entrustment and vicariously liable for Griffin's acts. Reliance stepped in as WSN's insurance agency and defended the case. Ms. Tellez settled on 11 May 1995, and Reliance paid the settlement amount.

On 17 November 1993, Reliance filed a declaratory judgment action. Reliance sought a declaration that it was "not obligated under its policy of insurance to defend the claims against the defendants or to pay any sums, including any judgment" in the Tellez action.[1] Reliance did not include a claim for monetary damages in the

---

[1] The relevant policy provisions provide:
A. COVERAGE
We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."
1. WHO IS AN INSURED
The following are "insureds:"

complaint. In response, WSN answered and filed a counterclaim. WSN alleged Reliance acted with bad faith because it waited two years to file the declaratory judgment action. After Reliance settled the case, WSN amended its counterclaim and alleged Reliance admitted coverage when it paid the settlement and WSN was entitled to attorney's fees pursuant to Florida Statue section 627.428(1).[2]

Reliance filed a motion for summary judgment on 17 May 1994, and WSN filed a motion for summary judgment on 18 March 1996. The trial court entered its memorandum and opinion disposing of the motions on 29 July 1996. The court determined Reliance was not obligated to defend the action because "the intentional, criminal actions on the part of the individual defendant, Steven Craig Griffin, which are the basis of the underlying lawsuit did not 'result from the ownership, maintenance or use of a covered 'auto'' as required under the insurance contract." The court also determined WSN was not entitled to attorney's fees because section 627.428(1) "would not apply to a judgment rendered in this Court since the statute's application is limited to 'a judgment or decree by any of the courts of this state [Florida]'."[3] Accordingly, the court granted Reliance's motion and denied WSN's motion.

WSN filed its notice of appeal on 13 August 1996. WSN's first issue is "whether the trial court erred in holding that WSN's policy of insurance did not provide coverage to its insured, WSN," and its second issue is "whether the trial court erred in refusing to award attorneys' fees to WSN as required by Florida law."

---

a. You for any covered "auto."
b. Anyone else while using with your permission a covered "auto" you own, hire or borrow . . . .
B. EXCLUSIONS
This insurance does not apply to any of the following:
1. EXPECTED OR INTENDED INJURY
"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured."

[2] The contract of insurance was formed in Florida and was sold by a Florida agent to a Florida insured, WSN. The parties agreed and the trial court found that Florida law controls the disposition of any substantive issues and Tennessee law controls the disposition of any procedural issues.

[3] (alteration in original).

When reviewing summary judgment cases, this court must determine, as did the trial court, whether the moving parties have met the requirements of Rule 56 of the Tennessee Rules of Civil Procedure. *Gonzales v. Alman Constr. Co.*, 857 S.W.2d 42, 44-45 (Tenn. App. 1993). Thus, this court must determine whether there are any genuine issues of material fact, and if not, which of the parties is entitled to a judgment as a mater of law. Tenn. R. Civ. P. 56.03 (West 1996). The parties do not dispute the facts of this case. Their only dispute is with the trial court's application of the controlling legal principles.

We address the issue concerning the insurance policy first. WSN makes two arguments in support of its claim that the trial court erred when it determined the policy did not obligate Reliance to defend the Tellez action. WSN first argues Reliance admitted coverage by settling the Tellez action. The second argument is the terms of the policy provided coverage. In response, Reliance argues initially that the issue is moot because "the underlying tort case was settled by the insurer and the insurer is not seeking reimbursement from the insured for any amount paid in defending or settling the claim." Reliance next contends that the policy did not cover the incident because the sexual assault of Ms. Tellez did not result from the "ownership, maintenance or use of a covered 'auto'" as defined by Florida law. Moreover, Reliance points to the policy exclusions and argues Griffin's acts were expected and intended from his standpoint. Finally, Reliance denies it admitted coverage when it settled the Tellez action.

It is the opinion of this court that Reliance's initial argument is correct. "The central question in a mootness inquiry is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief. A case will generally be considered moot if it no longer serves as a means to provide relief to the prevailing party." *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. App. 1994) (citations omitted). The issue in this case is whether the insurance policy obligated Reliance to provide a defense to and to pay the settlement in the Tellez action. Prior to the settlement, this issue was a "present, live controversy." *Id.* Had the court entered a decision prior to the settlement, the prevailing party would have had some form of relief. Reliance could have refused to represent WSN any further had it prevailed, and WSN could have forced Reliance to continue providing

4

it a defense had it prevailed. After the parties settled the Tellez action, however, there was no need for a defense. Moreover, Reliance did not request any reimbursement in its declaratory judgment complaint. Thus, there is no relief to grant either Reliance or WSN. That is, Reliance ends up paying for the defense and the settlement no matter who prevails. Given the above, it is the opinion of this court that the Tellez settlement rendered this issue moot because a decision of the court could not provide any relief to the prevailing party.

We now turn to WSN's second issue of "whether the trial court erred in refusing to award attorney's fees to WSN as required by Florida law." A party may not recover attorney's fees absent a statutory or contractual provision providing for such recovery. *Phoenix Indem. Co. v. Union Fin. Co.*, 54 So.2d 188, 190 (Fla. 1951); *Howard G. Lewis Constr. Co. v. Lee*, 830 S.W.2d 60, 64-65 (Tenn. App. 1991). WSN's only basis for its claim to attorney's fees is Florida Statutes section 627.428(1) which provides as follows:

> (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. Ann. §627.428(1) (West 1996).

Reliance contends the statute is inapplicable because it only applies to judgements and decrees rendered by Florida courts. Despite WSN's argument that adoption of Reliance's position will result in "the rankest of forum shopping," we are of the opinion that Reliance's position is correct. In order to adopt WSN's position, this court would have to derive a meaning beyond the plain and unambiguous language of the statute. Such a determination is prohibited under the general rules of statutory construction as applied in Florida. *State v. Egan*, 287 So.2d 1, 4 (Fla. 1973). The Florida Supreme Court has stated as follows:

> Surely, the purpose of all rules relating to the construction of statutes is to discover the true intention of the law. But such rules are useful only in case of doubt and should never be used to create doubt, only to remove it. Where the legislative intent as evidenced by the statute is

5

plain and unambiguous, then there is no necessity for any construction or interpretation of the statute, and the courts need only give effect to the plain meaning of its terms.

*Id.* The court continued:

> "Even where a court is convinced that the Legislature really meant and intended something not expressed in the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity. . . . If [the statute] has been passed improvidently the responsibility is with the Legislature and not the courts. Whether the law be expressed in general or limited terms, the Legislature should be held to mean what they have plainly expressed, and consequently no room is left for construction. . . ."

*Id.* (quoting *Van Pelt v. Hillard*, 75 Fla. 792, 78 So. 693, 694-95 (1918)).

WSN failed to cite any cases wherein a Florida court has held that the particular language at issue in this case is ambiguous. Moreover, we are of the opinion there is absolutely no ambiguity. The Florida statute clearly requires a judgment or decree by a Florida court as a condition to receiving attorney's fees. We will not hold otherwise.

In conclusion, it is the opinion of this court that the issue of Reliance's obligation to defend WSN in the Tellez action and to pay the settlement is moot as this court is unable to provide either party any relief. Thus, this portion of the trial court's opinion shall be vacated. *See McIntyre*, 884 S.W.2d at 138. In addition, it is the opinion of this court WSN is not entitled to attorney's fees because the express language of the Florida statute cited by WSN applies only to judgments and decrees of Florida's courts.

Therefore, it follows that the judgement of the trial court is vacated in part and affirmed in part. The case is remanded to the trial court for any further proceedings. Costs on appeal are divided equally between plaintiff/appellee, Reliance Insurance Company, and defendant/appellant, WSN Leasing, Inc.

---

SAMUEL L. LEWIS, JUDGE

CONCUR:

6

_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE