[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11954
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cv-62374-WPD

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON
THAT SUBSCRIBE TO CERTIFICATE NO. SUA 4215
AND/OR CERTIFICATE NO. SUA 3905,

                                   Plaintiff - Appellant,

versus

COASTAL STATES MORTGAGE CORPORATION,
FEDERAL HOME LOAN MORTGAGE CORPORATION,
FEDERAL NATIONAL MORTGAGE CORPORATION,

                                   Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 5, 2015)

Before MARCUS, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Certain Underwriters at Lloyd's, London that Subscribe to Certificate No. SUA 4215 and/or Certificate No. SUA 3905 (Underwriters) appeal from the district court's order granting Federal Home Loan Mortgage Corporation's motion to dismiss for failure to state a claim.  Before the district court, Underwriters asserted claims for common law rescission and declaratory judgment.  The district court dismissed Underwriters' suit, initially without prejudice and allowing leave to amend in accordance with its order, but ultimately with prejudice after Underwriters appealed and allowed the time to amend to lapse.

After reviewing the record and the parties' briefs de novo, *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004) (reviewing a district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim de novo), we affirm for the reasons stated in the district court's well-reasoned order entered on April 18, 2014.  Specifically, Underwriters are unable to overcome the rule in Florida that knowledge of a wrongdoer is not imputed to a corporation to defeat fidelity bond coverage.  *Miami Nat'l Bank v. Pa. Ins. Co.*, 314 F. Supp. 858, 865 (S.D. 1970) (explaining "the customary rule to the effect that knowledge of an agent or officer of a corporation is imputed to the corporation is not applicable under fidelity bond claims" (citing *Phoenix Indemn. Co. v. Union Fin. Co.*, 54 So. 2d 188, 190 (Fla. 1951))).  Further, accepting Underwriters' arguments of rescission and non-coverage would effectively nullify Insuring

2

Clause 6, a result contrary to Florida law. *See Premier Ins. Co. v. Adams,* 632 So.2d 1054, 1057 (Fla. 5th Dist.Ct.App.1994) ("[A]n interpretation which gives a reasonable meaning to all provisions of a contract is preferred to one which leaves a part useless or inexplicable."); *Howard v. Am. Serv. Mut. Ins. Co.*, 151 So. 2d 682, 686 (Fla. Dist. Ct. App. 1963) ("We must assume that [each clause] was inserted in the policy for a purpose."); *Stuyvesant Ins. Co. v. Butler*, 314 So.2d 567, 570 (Fla. 1975) ("[C]ontracts of insurance should be construed so as to give effect to the intent of the parties and if uncertainty is present in a policy, it should be construed against the insurer and in favor of the insured.").

**AFFIRMED**.